NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHIAN CHIU LI,**
*Appellant*

**v.**

**APPLE INC.,**
*Appellee*

---

2024-2148

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2023-00560.

---

Decided: June 9, 2025

---

CHIAN CHIU LI, Fremont, CA, pro se.

STEPHEN DESALVO, Kirkland & Ellis LLP, Washington, DC, for appellee. Also represented by JOHN C. O'QUINN.

---

Before PROST, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Chian Chiu Li, proceeding pro se, appeals the Final Written Decision of the Patent Trial and Appeal Board (Board), holding claims 1–6, 8–12, 14–16, and 18–20 of U.S. Patent No. 11,016,564 ('564 patent) unpatentable under 35 U.S.C. § 103. *See Apple Inc. v. Li*, No. IPR2023-00560, 2024 WL 2750500, at *7 (P.T.A.B. May 29, 2024) (*Final Decision*). For the following reasons, we *affirm*.

BACKGROUND

Apple Inc. (Apple) filed a petition for *inter partes* review, alleging that the challenged claims of the '564 patent were unpatentable under § 103 based on combinations of U.S. Patent No. 10,540,013 (Ryu), U.S. Patent Application Publication No. 2010/0079508 (Hodge), and U.S. Patent No. 8,331,992 (Stallings). *Id.* at *1–2.

The '564 patent is titled "System and Method for Providing Information" and relates to presenting information on an electronic device when the device senses that it has been moved and detects that a user is looking at the screen. *See, e.g.*, '564 patent at Abstract. The specification discloses that, to save energy, "a gaze sensing system may be off most of the time unless getting activated upon receiving shaking signals." *Id.* col. 7 ll. 10–12. Claim 1 recites:

A method for presenting information at an electronic device, comprising:

1) detecting an act made by a user involving physical contact with the electronic device or physical movement of the electronic device when a display of the electronic device has an idle screen or a screen in standby mode, inactive mode, or screensaver mode;

2) performing gaze detection *only after* detecting the act;

3) ascertaining whether the user looks at a direction toward the electronic device;

4) determining whether the user is recognized via a recognition mechanism; and

5) presenting a plurality of content items when the user is recognized via the recognition mechanism and it is ascertained that the user looks at a direction toward the electronic device.

*Id.* at claim 1 (emphasis added).

The Ryu reference discloses a process that begins with a device in standby mode; when a user rotates the device by 180 degrees, a processor activates the device's camera to determine whether a user is looking at the device. Ryu col. 19 ll. 49–67.

Before the Board, Mr. Li acknowledged that "Ryu detects an act by the movement sensor and uses the act as a trigger for gaze detection," *Final Decision*, 2024 WL 2750500, at *5 (citation omitted), but argued that Ryu "does not exclude performing gaze detection after detecting an event using proximity information" and, thus, Ryu "does not disclose [that] gaze detection is performed only after detecting [movement of the device]." J.A.[1] 171 (emphases omitted).

The Board found that Ryu discloses "a device entering active mode after performing gaze detection subsequent to physical movement of the device." *Final Decision*, 2024 WL 2750500, at *3. The Board reasoned that because other embodiments in Ryu's specification describe sensors other than motion sensors, but Ryu's primary embodiment is silent as to such sensors, Ryu's primary embodiment does not include such alternative approaches for triggering gaze detection. *See id.* at *5. The Board, therefore, concluded that "Ryu discloses a device that triggers gaze detection

---

[1]    "J.A." refers to the joint appendix filed along with the parties' briefing.

only after the device senses physical movement." *Id.* Concluding that Apple's asserted grounds taught the uncontested limitations, the Board held that the challenged claims were unpatentable under 35 U.S.C. § 103. *Id.* at *6. Mr. Li appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

### A

Obviousness is a question of law based on underlying facts. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1326 (Fed. Cir. 2016). What a prior art reference discloses is a question of fact that we review for substantial evidence. *Intel Corp. v. PACT XPP Schweiz AG*, 61 F.4th 1373, 1378 (Fed. Cir. 2023). The substantial evidence standard asks "whether a reasonable fact finder could have arrived at the agency's decision." *OSI Pharms., LLC v. Apotex, Inc.*, 939 F.3d 1375, 1381 (Fed. Cir. 2019) (citation omitted).

### B

Mr. Li argues that Apple's expert, Dr. Bederson, did not adequately explain why Ryu's disclosure of performing gaze detection after detecting movement satisfied the "only after" limitation. Mr. Li further argues that Ryu does not inherently disclose the "only after" limitation: while Ryu simply provides that motion detection is a sufficient condition for performing gaze detection, motion detection is a necessary condition in the claimed invention.

Mr. Li's inherency argument assumes that because the Ryu reference does not expressly state that the device never performs gaze detection before first detecting motion, the Board's unpatentability holding must have relied on inherency. But the Board never relied on an inherency theory. To the extent that Mr. Li contends that "only after" is akin to a negative limitation, prior art references "need not state a feature's absence in order to disclose a negative limitation." *AC Techs. S.A. v. Amazon.com, Inc.*, 912 F.3d

1358, 1367 (Fed. Cir. 2019) (citing *Süd-Chemie, Inc. v. Multisorb Techs., Inc.*, 554 F.3d 1001, 1004–05 (Fed. Cir. 2009) (affirming finding that reference disclosed "uncoated" film where it did not describe the film as coated and did not suggest necessity of coatings)).

We conclude that substantial evidence supports the Board's conclusion that Ryu, when read as a whole, discloses the "only after" limitation. The Board reasonably relied on the Ryu reference itself, noting that Ryu disclosed a device in "another exemplary embodiment," which may include a proximity sensor. *Final Decision*, 2024 WL 2750500, at \*5 (citing Ryu col. 21 l. 37 – col. 22 l. 47). The Board reasoned that because Ryu expressly disclosed proximity sensors in the context of separate embodiments, Ryu's primary embodiment describes "a device with the claimed capability and no additional sensors that would suggest alternative approaches" and "does not contain a proximity sensor—i.e., it is incapable of detecting proximity." *Id.* In short, the Board reasonably found that Ryu's primary embodiment discloses a device that has a motion sensor and no other sensors. Given that the primary embodiment's device triggers gaze detection after motion is detected and features no other triggers, a fact finder could reasonably conclude that a skilled artisan would read Ryu's preferred embodiment as performing gaze detection only after motion is detected. The Board adequately explained its rationale, and substantial evidence supports its finding that Ryu discloses a device that performs gaze detection only after motion is detected.

Finally, Mr. Li appears to argue that even if the "only after" limitation is disclosed in Ryu, such inherent disclosure would be accidental, unintended, or unappreciated and thus could not form the basis of a finding of anticipation. *See* Appellant's Opening Br. at 17 (citing *Tilghman v. Proctor*, 102 U.S. 707, 711–12 (1880)). This argument lacks merit, however, because the Board's unpatentability holding did not rely on the conclusion that the "only after"

limitation was inherent in Ryu's disclosure. To the extent that Mr. Li contends that there is no motivation for the Ryu reference to achieve the "only after" limitation, the Board did not need to find in Ryu a motivation or explanation for why Ryu's primary embodiment performs gaze detection only after detecting motion. *See Final Decision*, 2024 WL 2750500, at *5.

## CONCLUSION

We have considered Mr. Li's remaining arguments but do not find them persuasive. For the foregoing reasons, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.